UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jane Doe,

  Plaintiff

v.              1:08-cv-131-JL

School Administrative Unit (SAU) 73,
Gilford School District,

  Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

  NOW COME the defendants, Gilford School District and SAU #73, by and through their counsel, Getman, Stacey, Schulthess & Steere, P.A., and pursuant to Federal Rule of Civil Procedure 12(b)(6) move to dismiss plaintiff's complaint for failure to state a cause of action.

  1. Plaintiff commenced this action in the Belknap County Superior Court. Due to the sensitive nature of the allegations raised by plaintiff, this case was transferred to the Hillsborough County Superior Court, Northern District, and specially assigned to Judge Abramson. At the same time she filed the above-captioned action, plaintiff filed a separate writ of summons against the Gilford School District, SAU #73, SAU #30 and Matthew McGonagle, which was also transferred to Judge Abramson from the Belknap County Superior Court. Upon transfer, Gilford School District, SAU 73 and SAU 30 moved to consolidate both writs of summons. Counsel for Matthew McGonagle consented to consolidation, while counsel for plaintiff did not. For ease of reference in

this motion, the companion case will be referred to as "Jane Doe I" (docketed in this court as 08-cv-132-PB) and the above-captioned matter will be referred to as "Jane Doe II".

2. While the motion to consolidate Jane Doe I and Jane Doe II was pending before Judge Abramson, the Gilford School District, SAU 73 and SAU 30 provided notice of removal of both actions to this Court pursuant to Fed. R. Civ. P. 81. Jane Doe I alleged a specific breach of federal statutes, thus affording federal question jurisdiction over that action. Both cases were removed as the Superior Court had not yet had an opportunity to rule on the pending motion to consolidate and consolidation is mandated by RSA 507-B:3.

3. For the reasons that follow, plaintiff's complaint in the above-captioned matter must be dismissed for failure to state a claim.

4. As alleged by plaintiff, Gilford School District and SAU 73 negligently disclosed confidential information pertaining to plaintiff (writ ¶18); caused plaintiff emotional distress by allegedly encouraging school administrators, board members and staff to attend a public plea and sentencing hearing in support of the individual alleged to have assaulted plaintiff (writ ¶19), and generally caused plaintiff distress by their actions with respect to support of the alleged perpetrator of the assaults on plaintiff (writ ¶¶21 through 26).

5. A comparison of the complaints in Jane Doe I and Jane Doe II makes it clear that both causes of action arise from the underlying misconduct of Matthew McGonagle. Both complaints allege emotional distress damages. Furthermore, it is not possible to segregate the damages allegedly suffered by plaintiff due to the alleged actions of

McGonagle as opposed to her response to McGonagle's plea hearing. Consequently, RSA 507-B:3 requires that the two cases be brought as a single action ("[a]ll actions to recover for bodily injury, personal injury or property damage arising out of bodily injury, personal injury or property damage to one person shall be tried together, and not otherwise"). RSA 507-B:3 is consistent with New Hampshire's common law rule that a single plaintiff may not split a cause of action against a single defendant. <u>Sibson v. Robert's Express, Inc.</u>, 104 N.H. 192, 193-194 (1962) (a plaintiff must bring all claims for damages arising out of defendant's negligence in a single cause of action).

  5. As Jane Doe II may not be maintained separately from Jane Doe I, Jane Doe II must be dismissed.[1]

  6. Furthermore, plaintiff's claims against the Gilford School District and SAU 73 are barred by RSA 507-B:2. RSA 507-B:2 was ruled unconstitutional in <u>Dover v. Imperial Casualty & Indemnity Co.</u>, 133 N.H. 109 (1990). Subsequently, the statute was amended in 1991. The current version of RSA 507-B:2 is valid and bars plaintiff's claims.

  7. RSA 507-B:2 provides:

> "A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, *arising out of ownership, occupation, maintenance or operation* of all motor vehicles and *all premises*; . . ." (emphasis added).[2]

RSA 507-B:2 does not permit unlimited causes of action against governmental units due to their alleged fault. In order for a cause of action to be maintained against a

---

[1] Defendants have filed in Jane Doe I a Rule 12(b)(6) motion alleging *inter alia* RSA 507-B:2 immunity, statue of limitations and failure to state a claim. That motion is pending.

[2] RSA 507-B:1, I defines governmental unit to include school districts and school administrative units.

governmental unit, it must be established that the governmental unit is liable for damages arising out of its ownership, occupation, maintenance of either motor vehicles or premises RSA 507-B:2; Farm Family Casualty Insurance Co. v. Town of Rollinsford, 155 N.H. 669 (2007).  If the plaintiff's allegations do not fall within the scope of potential liability of a governmental unit, the governmental unit is immune.  Id. at 674.

    8.  The word "premises" is commonly understood to mean: "a piece of real estate; house or building and its land." Webster's New World College Dictionary, Third Ed., 1063 (1997).  Use of the word "premises" in RSA 507-B:2 modifies, and limits, the liability of a governmental unit.  Rather than merely alleging negligence from general operations of a municipality, the plaintiff must allege facts to establish that the purported liability *arises from* the ownership, occupancy, maintenance or operation of municipal premises, not merely any property at all.  Farm Family Insurance Co. v. Town of Rollinsford, 155 N.H. at 673 (2007)(RSA 507-B:2 requires that before liability may be imposed on a municipality it must be operating municipal property itself).  In this case, plaintiff has not alleged that she sustained injury due to any physical characteristic of school premises (e.g., a defect in the structure of the school causing injury).  Thus, liability against the defendants must be found to arise, if at all, from the ownership, occupancy, maintenance or operation of the premises.  RSA 507-B:2.

    9.  The New Hampshire Supreme Court has previously held that the phrase "arising out of" means "originating from, or growing out of, or flowing from the use" of a particular object.  Cannon v. Maine Bonding & Casualty Co., 138 N.H. 365, 366 (1994) (referring to whether injury was "arising out of" use of ownership, maintenance or use of a motor vehicle).  Whether one can be said to be in "use" of an object requires that the

object have more than a tenuous connection to the injury alleged.  Walsh v. Amica Mutual Insurance Co., 141 N.H. 374, 375-376 (1996).  As used in RSA 507-B:2 the "operation" of "premises" requires a showing that the defendant have engaged in "the whole process of planning for and operating a business or other organized unit…the operating of or putting and maintaining in action of something…." Farm Family Casualty Insurance Co. v. Town of Rollinsford, 155 N.H. 669, 674 (2007) *quoting,* Webster's Third New International Dictionary 1581 (unabridged ed. 2002).  An interpretation of RSA 507-B:2 that renders the limitation of liability meaningless is to be avoided.  Id. at 673.  While one could argue that the "operation" of a school premises necessarily entails the act of supervising and protecting children and staff, such a construction would render meaningless the legislature's decision to limit governmental unit liability to that arising from a particular class of governmental activity, i.e., that pertaining to motor vehicles and premises.  As the ordinary meaning of "arising out of" requires that the liability flow from the "use" of a particular object, and "use" requires more than a tangential connection to the use of the object for the purposes for which it was intended, plaintiff's claims are barred.  Plaintiff has alleged that her mental distress arises from the attendance of school personnel at a public hearing at a county courthouse.  There is simply no rational way in which to conclude that the asserted liability is any more connected to the operation of Guilford School District or SAU 73 premises than was the asserted liability against the Town of Rollinsford Fire Department.  Farm Family Casualty Insurance Co. v. Town of Rollinsford, 155 N.H. 669 (2007).

      10.  Defendants have not sought the concurrence of plaintiff to this motion due to its dispositive nature.

11. No separate memorandum of law is submitted as the applicable law is cited in this motion.

WHEREFORE, the defendants SAU 73 and the Gilford School District respectfully request this Court:

A. Dismiss plaintiff's complaint as failing to state a cause of action pursuant to Federal Rule of Civil Procedure 12 (b)(6);

B. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

SAU 73, GILFORD SCHOOL DISTRICT
By Their Attorneys,

GETMAN, STACEY, SCHULTHESS & STEERE, P.A.

Dated: April 25, 2008

By: /s/
Dona Feeney #12854
John P. Fagan #6828
3 Executive Park Drive, #9
Bedford NH 03110
(603) 634-4300

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this date to Jeffrey B. Osburn, Esquire, and James Rosenberg, Esquire, counsel of record.

/s/
Dona Feeney #12854
John P. Fagan #6828

F:\dfeeney\4751\06989\mot dismiss sau.doc